# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

THE GEO GROUP, INC. and
GEO TRANSPORT, INC.

               CIVIL CASE NO. 9:20-cv-80847-RJS

     Plaintiffs,

 v.

NETFLIX, INC.,

     Defendant.

_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
## PURSUANT TO SECTION 768.295 OF THE FLORIDA STATUTES

**PRELIMINARY STATEMENT**

As its briefing makes clear, Netflix feels entitled to steal others' intellectual property and make false accusations with impunity. But it goes even farther. Netflix, a billion-dollar entertainment corporation, demands an award of attorneys' fees under an inapplicable state statute designed to protect ordinary citizens from those who would use the costs of litigation to chill people's exercise of free speech in connection with public issues. Plaintiffs did not bring this action to squelch public debate or infringe Netflix's rights, but to vindicate their own rights not to be defamed through the use of their own stolen intellectual property. Netflix's Anti-SLAPP Motion is nothing more than a cynical attempt to punish the victims of Netflix's misconduct. It should be denied.

**LEGAL ARGUMENT**

**I.   NETFLIX'S ANTI-SLAPP MOTION SHOULD BE DENIED BECAUSE FLORIDA'S ANTI-SLAPP STATUTE DOES NOT APPLY IN FEDERAL COURT.**

Netflix's Anti-SLAPP Motion should be denied because—as the Eleventh Circuit and numerous other Circuits have recognized—state anti-SLAPP statutes cannot apply in federal court. *See Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1349-50 (11th Cir. 2018); *La Liberte v. Reid*, 966 F.3d 79, 86-88 (2d Cir. 2020); *Klocke v. Watson*, 936 F.3d 240, 244-49 (5th Cir. 2019); *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1333-37 (D.C. Cir. 2015). That is because a federal court exercising diversity jurisdiction cannot apply a state statute where, as here, the Federal Rules of Civil Procedure "answer[] the question in dispute." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). If a Federal Rule is "sufficiently broad to control the issue before the Court," *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980), it governs unless that Federal Rule is invalid. *Shady Grove*, 559 U.S. at 398.

In federal court, Federal Rules of Civil Procedure 11 and 12—which are plainly valid—answer the question in dispute here, namely, "Is Netflix entitled to attorneys' fees if the Complaint fails to state a claim upon which relief can be granted?" Under those rules, the answer is "no" unless the claims were presented for an improper purpose or were frivolous. *See* Fed. R. Civ. P. 11(b). But Florida's anti-SLAPP statute answers that question differently, based on a different standard, by providing for an award of fees if the action is "without merit" and is brought "primarily because [the defendant] exercised the constitutional right of free speech in connection with a public issue[.]" Fla. Stat. Ann. § 768.295(3)-(4). As the Seventh Circuit has explained, "[f]ederal rules and doctrines provide ample means to penalize unreasonable or vexatious conduct in federal litigation." *Cooke v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 1024, 1027 (7th Cir. 2019). Rule 11 not only provides ample means to deter and penalize those who would bring an action for an improper purpose, it also squarely answers the question in dispute, thereby preempting Florida's anti-SLAPP statute. *Shady Grove*, 559 U.S. at 398. Since Florida's anti-SLAPP statute conflicts with Rules 11 and 12, it cannot apply in federal court.

A couple months ago, Netflix itself **withdrew** an anti-SLAPP motion that it had filed in federal court in Florida, stating that "the Eleventh Circuit in *Carbone* [] held that state anti-SLAPP statutes could not be entertained in federal court." *See* Netflix's Notice of Withdrawal of Special Mot. to Strike Pursuant to Cal. Anti-SLAPP Act [Dkt. 54], *Fairsteen v. Netflix, Inc.*, Case No. 20-cv-180 (M.D. Fla. July 29, 2020). In an effort to circumvent the *Carbone* decision, Netflix falsely suggests that the Eleventh Circuit has held anti-SLAPP fee-shifting provisions applicable in federal court. (Mot. at 2-3 (citing *Parekh v. CBS Corp.*, No. 19-11794, 2020 WL 3400679, at *6 (11th Cir. June 19, 2020)), and *Tobinick v. Novella*, 884 F.3d 1110, 1119 (11th Cir. 2018).) But the Eleventh Circuit did ***not*** hold that the fee-shifting provisions of state anti-SLAPP statutes apply

2

in federal court in either *Parekh* or *Tobinick*. Rather, the Eleventh Circuit simply held in both cases that the plaintiff had waived its argument that the anti-SLAPP statutes could not apply in federal court by failing to make that argument to the district court. *See Parekh*, 2020 WL 34000679, at *6 ("[Plaintiff] argues, for the first time on appeal, that Florida's anti-SLAPP statute should not be applied in federal court. He forfeited this argument, however, by not raising it before the district court."); *Tobinick v. Novella*, 848 F.3d 935, 944 ("[Plaintiffs] waived their challenge to the district court's application of California's anti-SLAPP statute based on the *Erie* doctrine."); *see also Carbone*, 910 F.3d at 1349 ("[I]n *Novella*, we affirmed the dismissal of certain state-law claims based on California's anti-SLAPP statute ...because the plaintiff[s] 'waived their challenge to the district court's application of California's anti-SLAPP statute based on the *Erie* doctrine,' **<u>not</u> because we concluded that the statute applies in federal court**." (emphasis added unless otherwise noted)).

**II.   NETFLIX'S ANTI-SLAPP MOTION SHOULD BE DENIED BECAUSE THE FEE-SHIFTING PROVISION CANNOT BE APPLIED SEPARATELY FROM THE REST OF THE STATUTE.**

Netflix employs a two-motion tactic whereby it asks the Court to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to award its fees and costs pursuant to Florida's Anti-SLAPP statute.[1] But Netflix's approach is foreclosed by caselaw from this District based on the plain language of the anti-SLAPP statute itself. *See Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1157 n.8 (S.D. Fla. 2018) (granting defendants' motion for summary judgment and noting that defendants' motion for fees pursuant to Florida's anti-SLAPP statute was

---

[1] *See* Mot. at 3 ("To be clear, the sole aspect of the Florida anti-SLAPP statute that Netflix seeks for the Court to apply upon this motion is the award of reasonable attorneys' fees and costs. Netflix's separate Motion to Dismiss, and [] request for oral argument, provides an adequate framework for expeditiously resolving the issues raised by [Plaintiffs'] Complaint.") (citation omitted).

3

being denied). In *Berisha*, this Court explained why—based on the plain language of the statute—defendants cannot obtain fees under the anti-SLAPP statute based on a dismissal under the Federal Rules:

> Nor does [Florida's anti-SLAPP] Statute provide for attorneys' fees incurred in the "defense against an action that was filed in violation" of the Statute, as Defendants contend. Rather, the Statute provides only for "attorney fees and costs incurred in connection with *a claim that* an action was filed in violation of this section"—in other words, fees and costs incurred in connection with the SLAPP motion itself.

*Id*. (emphasis in original; internal citations omitted). Netflix's two-motion strategy is therefore "contrary to the plain meaning of the Anti-SLAPP act" and must be denied. *Wentz v. Project Veritas*, No. 17-cv-1164, 2019 WL 4621069, at *2 (M.D. Fla. July 19, 2019) (denying motion for attorneys' fees and costs pursuant to Florida's Anti-SLAPP statute following dismissal of defamation claims at summary judgment because, even though defendants had raised the anti-SLAPP statute as an affirmative defense, their motion for summary judgment did not ask the Court to rule upon the issue of whether the action had been filed in violation of the statute).

Although Netflix quotes the statute as providing for the award of reasonable attorneys' fees and costs "'incurred in connection with a claim" that "is 'without merit and [brought] primarily because [a defendant] has exercised the constitutional right of free speech in connection with a public issue'" (Mot. at 2 (citing Fla. Stat. § 768.295(3)-(4))), Netflix omits the key modifier showing that the fee-shifting provision ***cannot*** be separated from the SLAPP motion itself: the statute provides for reasonable fees and costs "incurred in connection with ***a claim that an action was filed in violation of this section***." Fla. Stat. § 768.295(4). Put differently, the word "claim" does not refer to a plaintiff's cause of action; it refers to the defendant's anti-SLAPP motion. Where, as here, a defendant seeks dismissal under the Federal Rules and files a separate motion invoking Florida's anti-SLAPP statute solely to obtain an award of fees and costs, the fee-shifting provision does not apply because the basis for dismissal is not "a claim that [the] action was filed

4

in violation of" Florida's anti-SLAPP statute. *Id*.; *see also Berisha*, 378 F. Supp. 3d at 1157 n.8 (anti-SLAPP fee request denied even though summary judgment was granted); *Wentz*, 2019 WL 4621069, at *2 (same).

### III. ALTERNATIVELY, IF FLORIDA'S ANTI-SLAPP STATUTE APPLIES IN FEDERAL COURT, PLAINTIFFS ARE ENTITLED TO FEES AND COSTS.

Alternatively, if Florida's anti-SLAPP statute applies in federal court (it does not), **Plaintiffs** would be entitled to their reasonable attorneys' fees and costs incurred in defending against Netflix's meritless anti-SLAPP motion. *See* Fla. Stat. § 768.295(4) (providing for fee award to "the prevailing party," plaintiff or defendant). For Netflix to prevail on its anti-SLAPP motion, two independent criteria must be satisfied: (1) the action must have been brought "primarily because [Netflix] exercised the constitutional right of free speech in connection with a public issue;" *and* (2) the action must be "without merit." *Id.* § 768.295(3). Neither requirement is met.

*First*, Plaintiffs did not bring this action because Netflix exercised its right of "free speech" in connection with a "public issue," but because Netflix stole their intellectual property and used it to defame them. Indeed, the Complaint reflects Plaintiffs' narrowly-tailored desire to protect their intellectual property and reputation: Plaintiffs do not seek to restrain the continued broadcast of the entire *Messiah* series or the episodes at issue in this litigation. They do not even seek to restrain the continued broadcast of the specific defamatory scenes at issue, but rather ask only that Netflix stop using GEO's misappropriated trademarks and name in those scenes. (*See* Compl. ¶ 29.) While the fee-shifting provision was enacted to protect activists, journalists, and ordinary citizens who might be intimidated into restraining their own free speech on public issues because of concern about litigation expenses, Netflix "is one of the world's largest streaming *entertainment* services with over 183 million paid memberships in over 190 countries" which

5

"generated over *$20 billion* in revenue during 2019." (*Id.* ¶ 10.)  Netflix's malicious misrepresentation-by-misappropriation is *not* an exercise of "free speech" on the "public issue" of immigration: as is plainly evident from *Messiah* itself, and as Netflix repeatedly emphasizes throughout its briefing, *Messiah* is a "*fictional* thriller" and "[i]mmigration policy and the treatment of immigrants is hardly a focus of the plot." (Netflix's Mot. to Dismiss [Dkt. 27] ("MTD") at 1, 5.)

*Second*, even if a billion-dollar corporation's for-profit trademark misappropriation and defamation in a fictional television show could somehow be construed as "free speech" in connection with a "public issue" (it cannot), Netflix's Anti-SLAPP Motion must be denied because Plaintiffs' lawsuit is not "without merit."  Fla. Stat. § 768.295(3).  Rather, as explained in Plaintiffs' Opposition to Netflix's Motion to Dismiss (which is incorporated here by reference), Plaintiffs' Complaint more than sufficiently states claims for defamation and trademark misappropriation.  Under well-settled law, the defamatory scenes of the immigrant detention facility are "of and concerning" both GEO Group and GEO Transport because both before and repeatedly throughout those scenes the name "GEO" is explicitly identified on vehicles, a sign in the parking lot of the facility, and on the uniforms of guards at the facility, and because those who know GEO Group and GEO Transport can therefore make out that they are the ones depicted operating and servicing the facility.  *O'Neal v. Tribune Co.*, 176 So. 2d 535, 548 (Fla. 2d DCA 1965) ("of and concerning" requirement is satisfied if those who know the plaintiffs can make out that they are the ones meant in the defamatory publication).

Plaintiffs have likewise alleged claims based on Netflix's deliberate misappropriation of their trademarked name and logos in those scenes because *false* depictions do not further the goal of "realism" and because Netflix misled consumers.  Although Netflix would have this Court

6

accept its self-serving assertion that Plaintiffs' efforts to protect their reputation and intellectual property is "an affront to the First Amendment," (Mot. at 2; MTD at 1), the U.S. Supreme Court has made clear that "there is no constitutional value in false statements of fact," *Gertz v. Welch, Inc.*, 418 U.S. 323, 340 (1974). Therefore, if Florida's anti-SLAPP statute applies in federal court, Netflix's Anti-SLAPP Motion must be denied and Plaintiffs are entitled to their attorneys' fees and costs incurred in opposing it. *See* Fla. Stat. § 768.295(4) ("The court shall award the **prevailing party** reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section.")[2]

Finally, Plaintiffs would be entitled to their attorneys' fees and costs incurred in connection with Netflix's Anti-SLAPP Motion even if just one of the counts in the Complaint survives Netflix's Motion to Dismiss, for two separate and independent reasons. **First**, the language of the fee-shifting provision itself authorizes fees and costs incurred in connection with "a claim that ***an action*** was filed in violation of [the statute]." *See* Fla. Stat. § 768.295(4). The Florida Legislature could have authorized—**but chose not to authorize**—the payment of fees to a defendant when an individual claim or claims are dismissed but where the "action" continues because at least one claim remains. The plain language of the statute must be given effect, such that fees may only be paid to a defendant when the entire "action" is deemed to have been filed in violation of the statute. *Id.*; *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 126 (2000) (reviewing court "must give effect to the unambiguously expressed intent of Congress") (citation omitted). Indeed, when previously presented with this question, this Court has denied a

---

[2] Unlike the anti-SLAPP statutes of some other states that authorize the payment of fees only to a prevailing ***defendant***, Florida's statute includes a two-way fee shifting provision that requires the payment of reasonable attorneys' fees and costs to the prevailing ***party*** on the anti-SLAPP motion. *Compare* Fla. Stat. § 768.295(4) (awarding fees to the "prevailing party") *with, e.g.*, Cal. Code Civ. Proc. § 425.16(c)(1) (awarding fees to the "prevailing defendant").

defendant's request for fees under Florida's anti-SLAPP statute because "[a]ssuming the statute applies, th[e] *suit* plainly has merit since two of its original three counts remain." *Pierre-Paul v. ESPN, Inc.*, No. 16-cv-21156, 2016 WL 4530884, at *2 (S.D. Fla. Aug. 29, 2016).

***Second***, Plaintiffs would be entitled to their fees and costs even if only one claim survives because the claims in the Complaint are alternative theories of liability for the same wrong—namely, Netflix's unauthorized use of Plaintiffs' trademarked name and logos in defamatory scenes in *Messiah*. *See Folta v. Bolton*, 493 So. 2d 440, 442 (Fla. 1986) (observing, under medical-malpractice fee-shifting statute, that only "where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, [is] the prevailing party on each distinct claim [] entitled to an award of attorney's fees for those fees generated in connection with that claim"). Plaintiffs' "request for different forms of relief for the same wrong does not make its claim[s] separate and distinct." *Flagstar Bank, FSB v. Hochstadt*, 476 F. App'x 371, at *2 (11th Cir. 2012). As such, if Florida's anti-SLAPP statute applies in federal court and any of Plaintiffs' alternative theories of liability survive such that the "action" continues, Plaintiffs would be entitled to fees and costs incurred in connection with Netflix's Anti-SLAPP Motion. Fla. Stat. Ann. § 768.295(4).

## **CONCLUSION**

Netflix's Anti-SLAPP Motion should be denied because Florida's anti-SLAPP statute does not apply in federal court. Alternatively, if the statute applies in federal court, Plaintiffs are entitled to an award of fees and costs incurred in connection with Netflix's Motion because Netflix's malicious misrepresentation-by-misappropriation in a fictional television show is not "free speech" in connection with a "public issue" and because Plaintiffs have plausibly alleged a claim for relief.

Dated: September 18, 2020

Respectfully Submitted,

*/s/ Shannon B. Timmann*

Shannon B. Timmann, Esq. (Fl. Bar. No. 98810)
Megan L. Meier, Esq. (*Pro Hac Vice*), Va. Bar No. 887220
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: megan@clarelocke.com
Email: shannon@clarelocke.com

Barry F. Irwin, P.C. (*Pro Hac Vice*), Ill. Bar No. 6211213
Manon L. Burns (*Pro Hac Vice*), Ill. Bar No. 6329495
**Irwin IP LLC**
222 South Riverside Plaza, Suite 2350
Chicago, IL 60606
Phone: 312.667.6080
Email: birwin@irwinip.com
Email: mburns@irwinip.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by CM/ECF, on September 18, 2020, on all counsel of record.

                                                */s/ Shannon B. Timmann*
                                                Shannon B. Timmann