# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

THE GEO GROUP, INC. and
GEO TRANSPORT, INC.

                        Plaintiffs,

   v.

NETFLIX, INC.,

                        Defendants.

_____/

CIVIL CASE NO. 9:20-cv-80847-RJS

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to this Court's January 12, 2021 Order, Plaintiffs, The GEO Group, Inc. and GEO Transport, Inc., through undersigned counsel, file this notice of supplemental case law authority in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss. (Min. Order, [D.E. 50] (Jan. 12, 2021); Pls.' Opp. to Netflix's Mot. to Dismiss [D.E. 38] (Sept. 18, 2020).) Specifically, Plaintiffs direct the Court's attention to the following cases in which courts have held a plaintiff stated a claim for defamation based on allegedly false portrayals in works of fiction:

- *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 925 (7th Cir. 2003) (reversing dismissal of defamation *per se* claim where plaintiff alleged he was defamed by the portrayal of a fictional character in the movie *Hardball* and rejecting defendant's argument "that because *Hardball* is a work of fiction, it cannot reasonably be interpreted to refer to [plaintiff]" because **the mere fact that a "story is labeled 'fiction' and, therefore, does not purport to describe any real person does not mean that it may not be**

    **defamatory *per se*.**")[1] (internal citation and quotations omitted);

- *Geisler v. Petrocelli,* 616 F.2d 636, 639–40 (2d Cir.1980) (reversing dismissal and holding that plaintiff stated claim for defamation where claim was based on defendant's, an acquaintance of plaintiff from a previous job, publication of a fictional book with a character who had the **same name and physical description as plaintiff**);

- *Fetler v. Houghton Mifflin Co.*, 364 F.2d 650, 651 (2d Cir. 1966) (reversing summary judgment for the defendants on defamation claim and holding that given the **numerous specific similarities** between the plaintiff and the "fictional" character in a novel, "it is difficult to see how a jury could be characterized as unreasonable if it found that [the character] could reasonably be understood as a portrayal of plaintiff");

- *Greene v. Paramount Pictures Corp.*, 138 F. Supp. 3d 226, 236 (E.D.N.Y. 2015) (holding that plaintiff stated a claim for defamation where plaintiff alleged the movie *The Wolf of Wall Street* defamed him through the portrayal of a fictional character and plaintiff alleged **sufficient similarities** between himself and the film character to withstand defendant's motion to dismiss with respect to the "of and concerning" element of plaintiff's defamation claim);

- *Davis v. Costa-Gavras*, 619 F. Supp. 1372, 1375 (S.D.N.Y. 1985) (holding plaintiff Ray Davis stated a claim for defamation where plaintiff alleged he was defamed through the portrayal of a fictional character named Ray Tower in the movie *Missing* and noting that **where a plaintiff claims to be defamed by a fictional character, "[t]he test is whether a reasonable person, viewing the motion picture, would understand the character portrayed in the film was, in actual fact, the plaintiff acting as described"**);

---

[1] Emphases added unless otherwise noted.

- *Robinson v. Radio One, Inc.*, 695 F. Supp. 2d 425, 428-30 (N.D. Tex. 2010) (holding plaintiff stated a claim for defamation where plaintiff alleged, he was defamed through portrayal of radio show's allegedly fictional character named "Henry the gay security guard" because defendant used plaintiff's real first name and profession and identified plaintiff in "sufficient detail");

- *Smith v. Stewart*, 291 Ga. App. 86, 95, 660 S.E.2d 822, 830-31 (Ga. Ct. App. 2008) (denying summary judgment where allegedly defamatory portions of fictional book could "be reasonably understood as describing actual facts about [] plaintiff or actual events in which she participated" and noting that "**the test for libel is not whether the story is or is not characterized as "fiction," or "humor," but whether the charged portions, in context, could be reasonably understood as describing actual facts about the plaintiff or actual events in which she participated**") (internal citations and quotations omitted);

- *Allied Mktg. Grp., Inc. v. Paramount Pictures Corp.*, 111 S.W.3d 168, 175 (Tex. App. 2003) (reversing summary judgment for defendants on plaintiff's defamation claim and holding that television show's segment about a fictional sweepstakes scam could be reasonably understood as "of and concerning" plaintiff where the name of the fictional sweepstakes company was identical to plaintiff's name and defendant used the name in connection with the type of business conducted by plaintiff and noting that "**an allegedly defamatory publication is "of and concerning" a plaintiff—even in cases involving fictional works—if persons who knew or knew of the plaintiff could reasonably have understood that the fictional character was a portrayal of the plaintiff**.") (internal citations and quotations omitted);

- *Bryson v. News Am. Publ'ns, Inc.*, 174 Ill. 2d 77, 101, 672 N.E.2d 1207, 1220 (Ill. 1996) (reversing dismissal of defamation *per se* claim based on allegations that article in magazine's "fiction" section defamed plaintiff by referring to character with plaintiff's last name as a "slut" and "unchaste" and noting that **the test for whether statements can be reasonably interpreted as stating actual facts "is not whether the story is or is not characterized as "fiction," or "humor," but whether the charged portions, in context, could be reasonably understood as describing actual facts about the plaintiff or actual events in which she participated**") (internal citation and quotations omitted);

- *Bindrim v. Mitchell*, 92 Cal. App. 3d 61, 78, 155 Cal. Rptr. 29, 39 (Cal. Ct. App. 1979) (upholding jury verdict in favor of Plaintiff's defamation claim and holding that "the fact that the book was labeled as being a novel" does not bar "any claim that the writer or publisher could be found to have implied that the characters in the book were factual representations not of the fictional characters but of an actual nonfictional person" and noting **"[o]f course the fictional setting does not insure immunity when a reasonable man would understand that the fictional character was a portrayal of the plaintiff. Reputations may not be traduced with impunity, whether under literary forms of a work of fiction or in jest**.") (internal citations and quotations omitted); and

- *Batra v. Wolf*, No. 0116059/2004, 2008 WL 827906 (N.Y. Sup. Ct. Mar. 14, 2008) (holding plaintiff stated a claim for defamation where plaintiff alleged that *Law and Order* episode about a judicial bribery scandal defamed him because it included a character that shared his first name, profession and physical characteristics and because plaintiff was the subject of media attention surrounding a judicial bribery scandal); and

- *Dudee v. Philpot*, 2019-Ohio-3939, ¶ 24, 133 N.E.3d 590, 597-98 (Ohio Ct. App. 2019) (holding that a genuine issue of fact existed as to whether a fictional character was identifiable as the plaintiff for the purposes of his defamation claim and noting that **"[i]n works of fiction, the test for identification is whether a reasonable person could reasonably believe that the article referred to the plaintiff after comparing the characteristics of the plaintiff with those of the fictional character."**)

Dated: January 18, 2021

Respectfully Submitted,

*/s/ Shannon B. Timmann*
Shannon B. Timmann, Esq. (Fl. Bar. No. 98810)
Megan L. Meier, Esq. (*Pro Hac Vice*), Va. Bar No. 887220
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: megan@clarelocke.com
Email: shannon@clarelocke.com

Barry F. Irwin, P.C. (*Pro Hac Vice* Application Forthcoming), Ill. Bar No. 6211213
Manon L. Burns (*Pro Hac Vice* Application Forthcoming), Ill. Bar No. 632495
**Irwin IP LLC**
222 South Riverside Plaza, Suite 2350
Chicago, IL 60606
Phone: 312.667.6080
Email: birwin@irwinip.com
Email: mburns@irwinip.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by CM/ECF, on January 18, 2021, on all counsel of record.

                                              */s/ Shannon B. Timmann*
                                              Shannon B. Timmann